# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | JAN 14 2003 |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 923-16 | **DATE** | JAN 14 2003 |
| **CASE TITLE** | | *United States v. Omar Feliciano* | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ ,

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Nunc Pro Tunc November 22, 2002. For the reasons set forth in the attached Memorandum and Order, this Court OVERRULES Feliciano's objections [752-1] and finds that Feliciano has a total offense level of 40 and a criminal history category of 3, which results in a sentence of 360 months to life. As set forth in open court on November 22, 2002, this Court sentences Feliciano to the low-end of the guidelines – 360 months. IT IS SO ORDERED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JAN 15 2003 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | 03 JAN 15 AM 7: 45 | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| **RTS** | courtroom deputy's initials | FILED-ED 10 | mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

789

UNITED STATES OF AMERICA )
)
) Hon. Blanche M. Manning
)
v. ) 98 CR 923-16
)
OMAR FELICIANO )

## MEMORANDUM AND ORDER

This matter comes before this Court on the sentencing of Defendant Omar Feliciano. For the reasons set forth below and in open court on November 22, 2002, this Court OVERRULES Feliciano's Objections to the Presentence Report [751-1] and sentences Feliciano to 360 months incarceration.

A complete summary of the sixth superseding indictment and the facts of this case are contained in this Court's prior Memorandum and Orders, and therefore, the Court will only briefly review the facts of this case. The Government's Sixth Superceding Indictment alleged that Defendant Miedzianowski, a former Chicago Police Officer, along with other Defendants, including Feliciano, conspired with others to commit acts of racketeering and to distribute narcotics. After a three month trial, the jury found Feliciano guilty of conspiracy to possess with intent to distribute narcotics (Count 2).

After his conviction, the United States Probation Office completed a Presentence Investigation Report ("PSI"). Using the 2001 edition of the United States Sentencing Guidelines ("the Guidelines"), the Probation Office found that under section 2D1.1 of the Guidelines, the base offense level was 36 on the grounds that Feliciano possessed with intent to distribute over

789

500 grams of cocaine base and over 50 pounds of marijuana. The Probation Office also assessed Feliciano a 2 point increase, pursuant to section 2D1.1(b)(1), for the use of a firearm in the conspiracy. In addition, Feliciano was given a 2 point increase for obstruction of justice, pursuant to 3C1.1, for falsely claiming that he had mental health problems in an attempt to obtain a downward departure from this Court. Accordingly, the Probation Office calculated Feliciano's total offense level as a 40.

Feliciano objects to the PSI on the grounds that the Probation Office incorrectly: (1) determined the amount of drugs which Feliciano was responsible for; (2) gave him an enhancement for use of a firearm; (3) found that he lied to this Court regarding his mental condition in an attempt to delay his sentence and/or obtain a downward departure. Feliciano also contends that he should be granted a downward departure based on his status as a confidential informant during the time of the conspiracy. The Court will address each of these four contentions in turn.

## A. Amount of Drugs Attributable to Defendant

Feliciano contends that the Probation Office incorrectly calculated the amount of drugs attributable to him because the amount is based upon statements made by Feliciano in his proffer statement which should not be used against him. Without regard to the admissibility of Feliciano's proffer, this Court finds that the Probation Office's determination of the amount of drugs was supported by the testimony of Feliciano's Co-Defendants. Co-Defendant Fred Rock testified that he supplied Feliciano with over 500 grams of cocaine base. Under 2D1.1(c)(2), this 500 grams is enough in itself to support the level reached in the PSI. Therefore, the Court overrules Feliciano's objection on this issue.

2

## B. Dangerous Weapon Enhancement

Feliciano further objects to Probation Office's 2 level increase under section 2D1.1(b)(1)
for the possession of a dangerous weapon on the grounds that there was no evidence that he
possessed any dangerous weapons. After examining the evidence at trial, the Court finds this
objection is likewise without merit. Defendant Miedzianowski, who was a Chicago Police
Officer at the time of the conspiracy, obviously carried a firearm and used both his police
authority and his firearm in furtherance of the conspiracy. Also, when Feliciano was arrested,
two handguns were found in the apartment he was believed to be residing in.

## C. Obstruction of Justice

Feliciano also objects to the Probation Office's conclusion that he obstructed justice
under section 3C1.1 by filing motions with the Court seeking to have a mental health exam and
for downward departure based on his mental health.

Application Note 4(f) provides that an adjustment for obstruction of justice is appropriate
if the defendant provides "materially false evidence" to the court. Material evidence is defined as
"evidence, fact, statement, or information, . . . that if believed, would tend to influence or affect
the issue under determination." Application Note 5(d), Section 3C1.1.

Here, the doctor's report, which was made at the request of this Court, states that
Feliciano does not suffer from a mental defect which would render him incompetent and that
"evidence of malingering in Mr. Feliciano's case is overwhelming." This Court thus finds that
Feliciano submitted false statements to this Court in an attempt to present an untrue picture of his
mental health so as to favorably affect his sentence under section 5K2.13.

## D. Confidential Informant

3

Feliciano also contends that he should be granted a downward departure based on his status as a confidential informant during the time of the conspiracy. Essentially, Feliciano is arguing that any illegal actions he took were in reliance on his status as a confidential informant for Co-Defendant Miedzianowski. While reliance upon public authority is a defense, such reliance must be reasonable. Here, however, the evidence clearly shows that any reliance on his status of a confidential informant was not reasonable. For example, Co-Defendant Miedzianowski gave drugs to Feliciano to sell for him. A reasonable person could not believe that selling kilo quantities of cocaine and splitting the proceeds with the police would be a legal activity. Consequently, the Court rejects this contention.

In sum, this Court OVERRULES Feliciano's objections and finds that Feliciano has a total offense level of 40 and a criminal history category of 3, which results in a sentence of 360 months to life. As set forth in open court on November 22, 2002, this Court sentences Feliciano to the low-end of the guidelines – 360 months.[1]

---

[1]     The Court also notes that while Feliciano was still represented by the attorney who represented him at trial (Mr. Ronald Clak), he filed numerous motions pro se. Because he was represented by counsel at the time, this Court strikes these motions – Docket Nos. 669-1, 655-1, 654-1, 653-1, 648-1, 643-1, 642-1, 637-1, 631-1, 602-1, 601-1, 599-1, 598-1, 594-1, and 593-1.

4

## CONCLUSION

For the foregoing reasons, this Court OVERRULES Feliciano's objections [752-1] and finds that Feliciano has a total offense level of 40 and a criminal history category of 3, which results in a sentence of 360 months to life. As set forth in open court on November 22, 2002, this Court sentences Feliciano to the low-end of the guidelines – 360 months.

IT IS SO ORDERED.

ENTER:

Blanche M. Manning
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: **NOV 2 2 2002**